UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TYLERE SCHILLY, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-3067** |
| **JOSEPH MARCAL, ET AL** | **SECTION: "P" (4)** |

## ORDER AND REASONS

Before the Court is a Motion to Modify the Scheduling Order[1] filed by Plaintiffs, Jade Schilly Dauterive, individually and as Independent Executrix of the Succession of Anne Schilly, and Tylere Schilly ("Plaintiffs"). Defendants, Sheriff Joseph P. Lopinto, III, Sergeant Joseph Marcal, and Deputy Brian Khars ("Defendants"), oppose the Motion.[3] Having considered Plaintiffs' Motion and its supporting materials, Defendants' Opposition, the record, and the applicable law, the Court **GRANTS** Plaintiffs' Motion, for all the reasons that follow.

## BACKGROUND

This action, brought pursuant to 42 U.S.C. § 1983, arises out of the death of 65-year-old Anne Schilly ("Ms. Schilly" or "Decedent") on September 1, 2021.[4] Plaintiffs' Complaint alleges Ms. Schilly was suffering from mental illness and was in the midst of a mental health crisis when she was confronted by Jefferson Parish Sheriff Sergeant Marcal and Deputy Khars, after the officers were hailed by Jefferson Parish workers who were repairing a water main in the aftermath of Hurricane Ida.[5] When Sergeant Marcal, dressed in plain clothes, approached the side of Decedent's vehicle and attempted to speak with her, Ms. Schilly drove away, and Marcal and Khars engaged in a vehicle pursuit until they re-encountered Ms. Schilly at the intersection of

---

[1] R. Doc. 18.
[3] R. Doc. 20.
[4] R. Doc. 1.
[5] *Id.*

Veterans Boulevard and Lisa Drive in Metairie.[6] Plaintiffs allege Sergeant Marcal positioned himself in front of Ms. Schilly's vehicle while Deputy Khars was adjacent to the vehicle, and when Ms. Schilly moved forward, Deputy Khars shot Ms. Schilly, who died at the scene.[7]

Plaintiffs filed this action on August 31, 2022, and the case was assigned to Judge Jane Milazzo. The Court held a Scheduling Conference on January 4, 2023, and a Scheduling Order was issued, containing a standard set of deadlines, and setting this action for trial on January 22, 2024.[8] The Court held a Status Conference on March 1, 2023, during which the parties updated the Court on the status of the case at that time,[9] and on June 9, 2023, this action was transferred from Judge Milazzo's Section (Section H) to the undersigned's Section (Section P).[10] The transfer order specifically provided "all deadlines remain in place, and no motions to reconsider will be granted unless there has been a change in the law or a material factual or other change since the order was signed."[11] The only filing in the record between the date of the transfer and the November 8, 2023 filing of the instant Motion was Defendants' Witness and Exhibit List.[12]

## THE INSTANT MOTION AND OPPOSITION

Plaintiffs, who admit to being "under the mistaken belief that the transfer and reassignment of this case would trigger a new scheduling order,"[13] seek a modification of the Scheduling Order "to allow discovery to be completed, or whatever other relief this Court deems fair and appropriate."[14] While Plaintiffs admit that as of October 6, 2023, they had not yet complied with the Scheduling Order's requirement to produce Rule 26(a)(1) initial disclosures by January 18,

---

[6] *Id.*
[7] *Id.*
[8] R. Doc. 13.
[9] R. Doc. 14.
[10] R. Doc. 15.
[11] *Id.*
[12] R. Doc. 16.
[13] R. Doc. 18-1 at 4.
[14] *Id.* at 10.

2

2023, they contend Defendants were not prejudiced by this delay because Plaintiffs had informed Defendants that the only witnesses Plaintiffs would call would be the two named Plaintiffs in this action. Plaintiffs seek additional time to conduct discovery because they contend Defendants withheld necessary information and materials due to Plaintiff's failure to comply with Rule 26(a). As of November 8, the filing date of the instant motion, Plaintiffs, who had not yet received these discovery materials, understood the discovery would "be produced in the near future."[15] Plaintiffs concede they cannot comply with the Court's Scheduling Order but ask this Court to exercise its discretion and modify the Scheduling Order to allow Plaintiffs to complete discovery. Plaintiffs concede their failure was based upon a "mistake of fact" and further state "[t]o be candid . . . counsel for Plaintiffs were quite surprised when the scheduling coordinator informed them that this Honorable Court would be retaining Judge Milazzo's order."[16]

Defendants object to Plaintiffs' Motion but concede "some modification of the Court's [Scheduling] Order is probably in order," and ask "the Court to take into consideration the undue prejudice that has been worked upon the Defendants by Plaintiffs' inaction."[17]

## LAW AND ANALYSIS

A federal district court has vast discretion in the management of its docket, and vast deference is given to a federal district court regarding whether to grant continuances or adjust scheduling orders. A federal district court does not abuse its discretion when its decision is for good cause and does not cause prejudice to the parties. In this instance, the Court is faced with the admission by the Plaintiffs that they misunderstood the terms of the transfer order and also that

---

[15] *Id.* at 5.
[16] *Id.* at 9.
[17] R. Doc. 20 at 3.

3

they need additional discovery materials they contend are essential. Meanwhile, Defendants recognize the potential prejudice Plaintiffs face if a continuance is not granted.

The Court finds good cause, in this specific instance, to extend the discovery deadline, and other deadlines, in the interest of justice, considering the unique nature and the specific facts of this particular case. The Court's decision in this regard should absolutely not be construed as a precedent or basis for seeking extensions or modifications of scheduling orders when a party has misunderstood the terms of the transfer order or any other order of this Court. Rather, the Court's decision in this instance is partially rooted in the fact that the Court currently has six other matters set for trial on January 22, 2024, and it was unlikely this matter would have been able to be tried on that date even if Plaintiffs' Motion had not been filed.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Motion to Modify the Scheduling Order (R. Doc. 18) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Scheduling Order (R. Doc. 13) in this action is hereby amended as follows:

(1) To the extent either party has not satisfied the requirement to exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1), those disclosures must be exchanged no later than **December 15, 2023**;

(2) Written reports of experts, as defined by Federal Rule of Civil Procedure 26(a)(2)(B), who may be witnesses for Plaintiffs, shall be obtained and delivered to counsel for Defendant as soon as possible, but no later than **December 29, 2023**; This deadline shall also apply to all expert disclosures, as defined by Federal Rule of Civil Procedure 26(a)(2)(C);

(3) Written reports of experts, as defined by Federal Rule of Civil Procedure 26(a)(2)(B), who may be witnesses for Defendants, shall be obtained and delivered to counsel for Plaintiffs as soon as possible, but no later than **January 29, 2024**; This deadline shall also apply to all expert disclosures, as defined by Federal Rule of Civil Procedure 26(a)(2)(C);

(4) Counsel for the parties shall file in the record and serve upon their opponents a list of all witnesses who may or will be called to testify at trial and a list of all exhibits which may or will be used at trial no later than **January 29, 2024**;

(5) Depositions for trial use shall be taken and all discovery shall be completed no later than **March 6, 2024**;

(6) All motions to compel should be filed as soon as necessary but no later than **February 20, 2024**, to permit a submission date no later than **March 6, 2024**;

(7) All other pretrial motions, including dispositive motions and motions *in limine* shall be filed on or before **April 16, 2024**, and shall be set for a submission date no later than **May 1, 2024**;

(8) A final pretrial conference will be held on **August 15, 2024, at 10:00 a.m.**, in Chambers, and the Pretrial Order shall be prepared in accordance with the Pretrial Notice attached to the Original Scheduling Order in this action and filed no later than **August 8, 2024, at 12:00 p.m. (noon)**;

(9) Trial will commence on **Monday, September 9, 2024, at 9:00 a.m.**, before a jury;

(10) No other extensions or continuances shall be granted in this action.

New Orleans, Louisiana, this 29th day of November 2023.

_____
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**